C-13-11a
(Rev. 2/08)

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

In Re:                                              )
                                                    )
SAMUEL MARK BASS        xxx-xx-4606                 )    Case No. 15-50034 C-13W
DENISE WILL BASS        xxx-xx-1533                 )
4828 Chadwick Drive                                 )
Concord, NC  28025                                  )
            Debtors.                                )

NOTICE OF PROPOSED PLAN AND ORDER CONFIRMING PLAN
AND TIME FOR FILING OBJECTION THERETO

    1. A summary of the plan proposed by the Debtor(s) is set forth in the attached copy of a proposed Order Confirming Plan in this case.

    2. The plan will be confirmed after the time period for filing objections has expired unless a timely objection is filed or a hearing is ordered by the Court. There will be no hearing on confirmation unless a timely objection is filed or a hearing is ordered.

    3. Written, detailed objections must be <u>filed</u> within 28 days of the date of this notice with the Clerk of Court, U.S. Bankruptcy Court, 226 South Liberty Street, Winston-Salem, NC, 27101, with copies served on (1) Kathryn L. Bringle, Standing Trustee, P.O. Box 2115, Winston-Salem, NC 27102-2115; (2) the attorney for the Debtor(s); and (3) the Debtor(s). If the objecting party is a corporation, the objection must be filed by legal counsel admitted to practice in this District.

    4. In the event a timely objection is filed or a hearing is ordered, the hearing on the objection to confirmation and on confirmation of the proposed plan will be held on <u>June 11, 2015</u>, at 9:30 a.m. in the Courtroom, First Floor, U.S. Bankruptcy Court, 226 South Liberty Street, Winston-Salem, NC. The party objecting must appear at this hearing if the objection is to be pursued.

    5. The Debtor(s) and the attorney for the Debtor(s) are required to appear at any hearing on confirmation.

    6. There will be no further mailing of the Order Confirming Plan to affected parties unless there is a change in the attached proposed Order Confirming Plan.


    DATE:  <u>April 23, 2015</u>               Office of the Clerk
                                         Reid Wilcox, Clerk

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA

In Re: ) ORDER CONFIRMING PLAN
) CHAPTER 13
)
**SAMUEL MARK BASS** xxx-xx-**4606** )
**DENISE WILL BASS** xxx-xx-**1533** )
**4828 Chadwick Drive** )
**Concord, NC  28025** )
) Case No. B-**15-50034** C-13W
)
Debtor(s) )

This case came before the Court, after notice and opportunity for hearing, for confirmation of the Chapter 13 plan proposed in this case; and IT APPEARING to the Court as follows:

I. The Trustee in this case is Kathryn L. Bringle, Standing Trustee, P. O. Box 2115, Winston-Salem, North Carolina 27102-2115;

II. The attorney for the Debtor(s) is **Kristen S. Nardone**;

III. Under the final plan (the "Plan") as proposed:

   **A.  Plan Payments**

   1. The Debtor(s) is/are to make monthly payments to the Trustee which are to be disbursed by the Trustee in accordance with the Plan and this Order;

   2. The monthly plan payment to the Trustee is **$2,200.00** beginning **February 2015**;

   **B.  Administrative Costs**

   1. **Attorney Fees.** The Attorney for the Debtor(s) has filed application for approval of a fee in lieu of the presumptive fee and the attorney fee will be allowed by separate Order.

   2. **Trustee costs.** The Trustee will receive from all disbursements such amount as approved by the Court for payment of fees and expenses.

**C. Priority Claims**

Any timely filed claims entitled to priority under 11 U.S.C. §507, on behalf of the entities listed below, will be paid in full in deferred cash payments unless otherwise indicated.

1. **Internal Revenue Service**
   **$17,727.94 claim for 2011, 2013 and 2014 income taxes**
   **This claim will be paid through disbursements by the Trustee as funds become available. The Debtors hope to liquidate real property and pay the net proceeds, after payment of all liens and costs of sale, to the Trustee. It is anticipated that priority claims will be paid in full when the Trustee disburses the sales proceeds.**

2. **North Carolina Department of Revenue**

**D. Secured Claims**

1. **Long-term Debts – To be paid by Trustee.**

| Creditor & Property | Claim Filed (Y/N) | Monthly Payment | Monthly Payment to Begin | Arrears Through | Arrears Amount | Monthly Payment on arrears |
|---|---|---|---|---|---|---|
| **Uwharrie Bank Mortgage RESIDENCE 4828 Chadwick Drive Concord, NC** | Y | $1,551.77 | 5/2015 | 4/2015 | $16,300.04 | All available |

2. **Secured Claims To Be Paid In Full - Real Property**

| Creditor & Property | Claim Filed (Y/N) | Amount of claim | Monthly Payment | Interest Rate |
|---|---|---|---|---|
| **North Carolina Department of Revenue Possible tax lien** | N | $65,420.00 estimated | | |
| Any properly perfected tax lien will be paid through the sale of real property. | | | | |
| **Cabarrus County Tax Collector 2012, 2013 and 2014 real property taxes for real property located at 6104 Performance Drive in Concord, North Carolina. ("The Gallery Property").** | Y | $26,281.37 | | |
| The Debtors propose to sell The Gallery Property. All real property taxes for this property will be paid through the sale of the property. | | | | |
| **City of Concord Real property taxes for real property located at 6104 Performance Drive in Concord, North Carolina. ("The Gallery Property").** | N | $17,000.00 estimated | | |
| The Debtors propose to sell The Gallery Property. All real property taxes for this property will be paid through the sale of the property. | | | | |

Continued on next page

Bass
15-50034 C-13W

**Continued from previous page (page 2)**

   2. Secured Claims To Be Paid In Full - Real Property

| Creditor & Property | Claim Filed (Y/N) | Amount of claim | Monthly Payment | Interest Rate |
|---|---|---|---|---|
| **Cabarrus Bank & Trust**<br>**Possible judicial lien against real property.** | N | $6,380.00 estimated | | |
| The Debtors propose to pay all judicial lien through sale of real property.  In the interim, the Debtors propose that no payments be made to this Creditor by the Trustee. | | | | |
| **Springleaf Financial Services of America, Inc.**<br>**Judicial lien docketed in or about December 2011.** | Y | $6,545.27 | | |
| The Debtors propose to pay all judicial lien through sale of real property.  In the interim, the Debtors propose that no payments be made to this Creditor by the Trustee. | | | | |

E.   General Unsecured Claims Not Separately Classified.

   General unsecured claims not separately classified will be paid as funds become available after payment of costs of administration.  **Because of the liquidation value of the estate, the allowed unsecured claims will be paid in full.**

   <u>Cabarrus County Tax Collector</u>
   **$368.01 unsecured general claim for 2010 and 2012 personal property taxes**


F.   Special Provisions

   <u>Sale of Real Property</u>
   **The Debtors propose to sell real property as follows:**

   **Rental house located at 4732 Hendrix Court in Concord, North Carolina.**
   **Uwharrie Bank Mortgage filed a claim for $90,461.50 and provided evidence of a deed of trust lien against the property.  Additional liens against the property include real property taxes, possible judicial liens and possible lien of the North Carolina Department of Revenue.**

   **Real property located at 6104 Performance Drive in Concord, North Carolina ("The Gallery Property").**
   **F & M Bank filed a claim for $802,806.17 and provided evidence of a deed of trust lien against the property.  Additional liens against the property include real property taxes, possible judicial liens and possible lien of the North Carolina Department of Revenue.**

   **The Debtors propose to sell both properties by December 31, 2015.  In order to sell the properties, the Debtors must first obtain authorization from this Court.  Any liens against the properties, not subject to the avoiding powers of the Trustee, must be paid through the sale unless liens are transferred to proceeds or lienholders voluntarily agree to accept lesser amounts in full satisfaction of the debts owed to them.  If the properties are not sold by December 31, 2015, the Debtors will petition the Court to allow the hiring of a reputable auctioneer to market and auction the properties.  After any auction, all lienholders not paid in full will be allowed a period of six months to file deficiency claims.**

Continued on next page

Bass
15-50034 C-13W

**Continued from previous page (page 3)**

**Any timely filed deficiency claims will be allowed as filed unless a party in interest objects**

**The Debtors propose to make no payments to any of the lienholders listed above in anticipation that the liens will be satisfied through liquidation of the properties.**

**If the Debtors have not sold the properties by March 1, 2016, any party in interest may move to have the case converted to Chapter 7.**

G.  The Debtor(s) will pay **THE GREATER OF** the amount necessary to pay all allowed costs of administration, priority and secured claims in full, with the exception of continuing long term debts, **with the additional requirement that allowed unsecured claims are paid in full based upon the liquidation value of the estate,** with the plan to be reviewed in twelve (12) months and periodically thereafter for plan payment adjustments;

H.  The terms and provisions of the Amended Standing Order dated May 22, 2014 are incorporated in this Order and are available on the Court's website at **www.ncmb.uscourts.gov**

I.  **IT FURTHER APPEARING** to the Court that the Plan complies with the requirements of 11 U.S.C. §1325; therefore, it is

    **ORDERED** that the Plan is confirmed.

                                  END OF DOCUMENT